UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Conner Creek Center LLC  
        Debtor.
_____/

Case No. 23-48356  
Chapter 11  
Hon. Thomas J. Tucker

## FIRST DAY MOTION FOR ENTRY OF ORDER AUTHORIZING THE CONTINUED USE OF DEBTOR'S PREPETITION CASH MANAGEMENT SYSTEM, BANK ACCOUNT, AND BUSINESS FORMS

NOW COMES Conner Creek Center LLC (the "Debtor"), as debtor and debtor in possession, by and through its counsel, Goldstein Bershad & Fried P.C. hereby requests that this Court enter an Order, substantially in the form attached hereto as Exhibit 1. Debtor, in support of its First Day Motion for Entry of Order Authorizing Continued Use of Debtor's Prepetition Cash Management System, Bank Account, and Business Forms (the "Motion") states:

### JURISDICTION

1. The court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

3. Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

### BACKGROUND

4. On September 22, 2023 ("Petition Date"), the Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code (the "Case"). The Debtor's principal place of business is 16 acre parcel located in Detroit, Michigan, which consists of several interconnect buildings and support structures and spaces, totaling approximately 376,000 gross square fee. The facility is home to several healthcare and social service related entities as well as several community service agencies. The Debtor now has possession of its assets and plan to manage the affairs of its estate as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The Debtor has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

5. The Debtor consists of multiple buildings constructed and renovated in phases from 1950 to 1974, with major interior renovations completed as recently as 2014. The Debtor's source of revenue consists of the rent payments from the operating companies. The largest tenant is Conner Creek Life Solutions ("Life Solutions"). Life Solutions has shifted its focus to the urgent demand for inpatient Substance Use Disorder. Life Solutions has obtained a contract from Detroit Wayne Integrated Health Network ("DWIHAN"). Further, Life Solutions was one of only 5 Wayne County vendors awarded a jail diversion contract.

6. The stabilization of the Debtor's tenants allows for rent payments to be timely made, which will fund repayment of the Debtor's creditors.

7. Prior to the Petition Date, the Debtor maintained accounts the following accounts ("Prepeition Accounts"):

    a. Bank of America checking account for payroll and general account. Tenants make electronic deposits into this account.

8. The Debtor utilizes its Prepetition Account for all aspects of its operations, including the receipt of rent payments electronicaly, paying payroll, and handling

general overhead.

9. The Office of the U.S. Trustee has established certain operating guidelines for debtors-in-possession in order to supervise the administration of chapter 11 cases. These guidelines require chapter 11 debtors to, among other things: close all existing bank accounts and establish new debtor-in-possession accounts ("DIP Accounts"), which DIP Accounts must include separate accounts for payment of taxes and for cash collateral.

10. The guidelines also require the debtor to close their corporate books and records as of the petition date and open new books and records to reflect solely post-petition operations.

11. The Debtor believes that significant delays in receiving its payments as a result of closing its current Prepetition Accounts will result in serious disruptions to its business operations, and specifically, its ability to receive its ongoing payments from customers and be able to pay ordinary expenses.

12. The Debtor also uses a variety of business forms. In order to minimize expenses to the estate, as well as to minimize any disruptions to its business, the Debtor also requests that it be authorized to continue to use all current correspondence, business forms (i.e. - letterhead, purchase orders, employment applications, marketing materials, invoices, etc.) and bank checks in the form they existed as of the Petition Date, and without reference to debtor-in-possession. The use of new business forms would increase the Debtor's operational and administrative costs, as well as take away resources that could be better be spent on debt service.

13. Accordingly, based on the reasons set forth herein, the Debtor believes good

cause exists to request relief from these guidelines.

RELIEF REQUESTED

14. By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto, that provides for the Debtor to maintain and use (i) its existing Prepetition Account and cash management systems; and (ii) all existing pre-petition Business Forms, materials and process.

15. The Debtor submits that, as of the Petition Date, there are no issued and delivered checks or electronic funds transfers that remain outstanding, so there should be no need for concern that the maintenance of the Prepetition Account will allow a pre-petition obligation to be paid post-petition.

16. The Debtor submits that the relief requested herein is appropriate and within the authority of this Court. The Debtor's request for authorization to continue use of its existing account has been held to be entirely consistent with § 363(c)(1) of the Bankruptcy Code. See, In re Dant & Russell, Inc., 853 F.2d 700, 704 (9th Cir. 1988).

17. Additionally, in many chapter 11 cases, courts often waive the U.S. Trustee guidelines such as these recognizing that such requirements are often impractical and potentially detrimental to a debtor's post-petition business operations and restructuring efforts. See, In re Greektown Holdings, L.L.C., Case No. 08-53104 [Doc. 133, June 18, 2008] and In re St. Jude Nursing Center, Inc., Case No. 18-54906 [Doc. 36, November 9, 2018].

18. Requests such as those sought by this Motion have been treated by bankruptcy courts as a relatively "simple matter." In re Baldwin-United Corp., 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987).

19. Moreover, Bankruptcy Code § 105(a) permits the Court to "issue any order. . . necessary or appropriate to cany out the provisions" of the Bankruptcy Code. Granting the relief requested in this Motion is an appropriate use of the authority granted to this Court under § 105(a).

## NOTICE

20. Notice of this Motion has been provided to the Office of the United States Trustee, and the Debtor's twenty (20) largest unsecured creditors. In light of the nature of the relief requested, the Debtor submits no further notice is necessary.

21. The Debtor intends to request that the Court consider this Motion on an expedited basis, and has, contemporaneously with the filing of this Motion, requested the same from the Court as is authorized pursuant to E.D. Mich. LBR 9013-I (c).

## NO PRIOR REQUEST

22. No previous motion for the requested relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an Order, in sufficiently the same form as attached hereto as Exhibit 1, granting the relief requested herein and granting the Debtor such other and further relief as may be just.

GOLDSTEIN, BERSHAD,& FRIED, P.C.

By: /s/ Scott M. Kwiatkowski
    Scott M. Kwiatkowski (P67871)
    Attorneys for Debtor
    4000 Town Center, Suite 1200
    Southfield, Michigan 48075
    (248) 355-5300
    scott@bk-lawyer.net

Dated: September 26, 2023

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Conner Creek Center LLC

Debtor.

_____/

Case No. 23-48356
Chapter 11
Hon. Thomas J. Tucker

## ORDER AUTHORIZING CONTINUED USE OF DEBTOR'S PREPETITION CASH MANAGEMENT SYSTEM, BANK ACCOUNT, AND BUSINESS FORMS

This matter is before the Court on the Debtor's First Day Motion for Entry of Order Authorizing Continued Use of Debtor's Prepetition Cash Management System, Bank Account, and Business Forms "Motion")filed by Conner Creek Center LLC ( "Debtor"). The Court having considered the Motion and finding that it has jurisdiction over this proceeding; that this is a core proceedings; that the service and notice of the Motion was sufficient under the circumstances; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. Subject to further order of this Court, the Debtor is authorized to utilize and maintain the Prepetition Accounts during the course of this Chapter 11 proceeding as they existed as of the Petition Date. The Debtor is also authorized to maintain its prepetition cash management systems and practices.

3. Subject to further order of this Court, the Debtor is authorized to utilize and

maintain all pre-petition Business Forms and related operational materials and practices as they existed as of the Petition Date.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon their entry.

5. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order