UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

CONNER CREEK CENTER, LLC,          Chapter 7
                                                           Case No. 23-48356-TJT
      Debtor.                                     Hon. Thomas J. Tucker
_____/

**MOTION FOR ORDER HOLDING DOROTHY MCLEMORE
TRUST, RAYMOND SCOTT MCLEMORE, ANDREW GENE
MCLEMORE, SR. AND ANDREW MCLEMORE, JR. IN CONTEMPT
OF COURT FOR FAILURE TO COMPLY WITH THE NOVEMBER 21,
2023 ORDER COMPELLING TURNOVER OF PROPERTY
OF THE BANKRUPTCY ESTATE**

Stuart A. Gold, the Chapter 7 Trustee, by his attorneys Gold, Lange, Majoros & Smalarz, P.C., moves this Court for entry of an Order Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. in Contempt of Court for Failure to Comply with the November 21, 2023 Order Compelling Turnover of Property of the Bankruptcy Estate. (See Exhibit 1).

IN SUPPORT of the Motion the Chapter 7 Trustee states:

1. The Chapter 7 Trustee requests that the Court hold Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. in contempt for violation of this Court's November 21, 2023 ("the November 21, 2023 Order, Docket #80). Respondents failed to produce any documents responsive to the November 21, 2023 Order other than a few miscellaneous records and 2021 and 2022 federal income tax returns.

2. The Trustee relies upon his Brief in Support of Motion for Order Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. in Contempt of Court for Failure to Comply with the November 21, 2023 Order

3. The Trustee has no means to obtain Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr.'s compliance with the November 21, 2023 Order other than to seek the Court's assistance in compelling compliance through contempt proceedings.

WHEREFORE, the Trustee respectfully requests that the Court enter an order holding the Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. in contempt of court and assess costs and sanctions.

Respectfully Submitted,

GOLD, LANGE, MAJOROS & SMALARZ, P.C.

Dated: December 7, 2023

/s/ *Elias T. Majoros*
Attorneys for Trustee
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075
(248) 350-8220
emajoros@glmpc.com
(P41040)

H:\SAG TRUSTEE CASES\Conner Creek Center LLC\Turnover\Motion for Order Holding Contempt.pko.docx

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

| | |
|---|---|
| CONNER CREEK CENTER, LLC, | Chapter 7 |
| | Case No. 23-48356-TJT |
| Debtor. | Hon. Thomas J. Tucker |
| _____/ | |

**ORDER HOLDING DOROTHY MCLEMORE TRUST, RAYMOND SCOTT MCLEMORE, ANDREW GENE MCLEMORE, SR. AND ANDREW MCLEMORE, JR. IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH THE NOVEMBER 21, 2023 ORDER COMPELLING TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE**

This matter came before the Court upon the Chapter 7 Trustee's Motion for Order Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. in Contempt of Court for Failure to Comply with the November 21, 2023 Order Compelling Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. To Turn Over of Property of the Bankruptcy Estate. The Motion was served upon Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. as required by applicable bankruptcy rules. No objections to the Motion were timely filed. The Court being otherwise duly advised in the premises:

IT IS HEREBY ORDERED that the Motion is granted.

# EXHIBIT 1

IT IS FURTHER ORDERED that Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. are each found to be in civil contempt of this Court and are each assessed a sanction of $2,000.00 for non-compliance with this Court's November 21, 2023 Order at Docket #80.

IT IS FURTHER ORDERED that Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr.'s are jointly and severally liable to the bankruptcy estate for attorney's fees and costs in the amount of $700.00 associated with Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr.'s non-compliance with this Court's November 21, 2023 Order at Docket #80.

IT IS FURTHER ORDERED that payment of the fees and costs shall be made payable to "Gold, Lange, Majoros & Smalarz, P.C." and delivered in c/o Elias T. Majoros, 24901 Northwestern Highway, Suite 444, Southfield, Michigan 48075 within seven (7) days after entry of this Order. Payment of the sanctions shall be made payable to "Stuart Gold Trustee of Conner Creek" and delivered in c/o Elias T. Majoros, 24901 Northwestern Highway, Suite 444, Southfield, Michigan 48075 within seven (7) days after entry of this Order. In the event that payment is late, then after five (5) days, the Trustee may take collection action against Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew

Mclemore, Jr. pursuant to Fed. R. Civ. P. 69(a) to collect any unpaid amounts due under this Order.

IT IS FURTHER ORDERED that Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. shall purge their contempt by producing the original records and documents responsive to the Court's November 21, 2023 Order to the Chapter 7 Trustee within seven (7) days after entry of this order.

IT IS FURTHER ORDERED that in the event that Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr.'s fail to comply with this Order, the Trustee may submit a certificate of non-compliance along with an order finding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. are in civil contempt of this Order and scheduling a hearing for the Court to consider additional sanctions, incarceration, and other remedies to compel compliance with the November 21, 2023 Order and this Order.

Form B20A(Official Form 20A)
Revised 12/1/10

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

| | |
|---|---|
| CONNER CREEK CENTER, LLC, | Chapter 7 |
| | Case No. 23-48356-TJT |
| Debtor. | Hon. Thomas J. Tucker |
| _____/ | |

4777 East Outer Drive
Detroit, MI 48234
47-5412548

**NOTICE OF MOTION FOR ORDER HOLDING DOROTHY
MCLEMORE TRUST, RAYMOND SCOTT MCLEMORE,
ANDREW GENE MCLEMORE, SR. AND ANDREW MCLEMORE, JR.
IN CONTEMPT OF COURT FOR FAILURE TO COMPLY
WITH THE NOVEMBER 21, 2023 ORDER COMPELLING
TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE**

Stuart A. Gold, the Chapter 7 Trustee for the bankruptcy estate of Conner Creek Center, LLC, has filed a Motion for Order Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. in Contempt of Court for Failure to Comply with the November 21, 2023 Order Compelling Turnover of Property of the Bankruptcy Estate with the Court.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the motion, or if you want the Court to consider your views on the motion, within fourteen (14) days from the date of service of the motion, you or your attorney must:

# EXHIBIT 2

1. File with the Court a written response or an answer, explaining your position at:[1]

> United States Bankruptcy Court
> 211 West Fort Street
> Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it within the above-referenced time period. All attorneys are required to file pleadings electronically.

2. Mail a copy to:

> Elias T. Majoros, Esq.
> Gold, Lange, Majoros & Smalarz, P.C.
> 24901 Northwestern Highway, Ste. 444
> Southfield, MI 48075

If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

|  |  |
|---|---|
| | GOLD, LANGE, MAJOROS & SMALARZ, P.C. |
| Dated: December 7, 2023 | /s/ *Elias T. Majoros* <br> Attorneys for Trustee <br> 24901 Northwestern Highway, Suite 444 <br> Southfield, Michigan 48075 <br> (248) 350-8220 <br> emajoros@glmpc.com <br> (P41040) |

H:\SAG TRUSTEE CASES\Conner Creek Center LLC\Turnover\Motion for Order Holding Contempt.pko.docx

---

[1] Response or answer must comply with F.R.Civ.P.8(b)(c) and (e).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

CONNER CREEK CENTER, LLC,　　　　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　　　　Case No. 23-48356-TJT
　　　　Debtor.　　　　　　　　　　　　　　　Hon. Thomas J. Tucker
_____/

**BRIEF IN SUPPORT OF MOTION FOR ORDER HOLDING
DOROTHY MCLEMORE TRUST, RAYMOND SCOTT MCLEMORE,
ANDREW GENE MCLEMORE, SR. AND ANDREW MCLEMORE, JR. IN
CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH
THE NOVEMBER 21, 2023 ORDER COMPELLING
TO TURNOVER PROPERTY OF THE BANKRUPTCY**

Stuart A. Gold, the Chapter 7 Trustee, by his attorneys Gold, Lange, Majoros & Smalarz, P.C., submits this Brief in Support of Motion for Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. In Contempt Of Court For Failure To Comply With The November 21, 2023 Order Compelling To Turnover Property Of The Bankruptcy.

**Introduction**

The Trustee requests that the Court hold the former members and officers of the debtor, the Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr., in contempt for failing to comply with the Court's November 21, 2023 Order compelling turnover of the debtor's books and records. Without contempt action, the Trustee has no other means to obtain compliance with the Order.

**EXHIBIT 3**

## Jurisdiction

This is a contested matter brought pursuant to Fed. R. Bankr. P. 2004, 9014 and 9020. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(E) and 1334.

## Facts

On September 22, 2023, Conner Creek Center, LLC ("the debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On October 25, 2023, the case was converted to Chapter 7 of the Bankruptcy Code.

Stuart A. Gold is the duly appointed Chapter 7 Trustee of the debtor's estate.

Conner Creek Center, LLC ("Conner") was a Michigan limited liability company formed in 2015 with offices at 4777 East Outer Drive, Detroit, Michigan 48234. Conner was engaged in the business of commercial real estate leasing.

The Dorothy E. Mclemore Trust and Andrew Gene Mclemore, Sr. are the sole owners and managing members of the debtor. Raymond Scott Mclemore and Andrew Mclemore, Jr. were officers of the debtor and involved in the day to day operating of the debtor. Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. have possession, custody and control of all of the records of the debtor. Andrew Gene Mclemore, Sr. signed the debtor's bankruptcy petition, schedules and statement of financial affairs.

On October 26, 2023, the Trustee sent the Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. a letter, with a copy

- 2 -

23-48356-tjt    Doc 100    Filed 12/07/23    Entered 12/07/23 11:46:35    Page 9 of 15

to debtor's counsel, requesting turnover of the debtor's original business, corporate, financial, and tax records. None of the requested records were turned over.

On November 21, 2023, this Court entered an Order Compelling Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. to Turnover Property of the Bankruptcy Estate ("the November 21, 2023 Order, Docket #80). Pursuant to the November 21, 2023 Order, the members and officers were required to produce the debtor's original paper and electronic records and computers listed in the November 21, 2023 Order no later than November 27, 2023. To date, other than a few emails with unlabeled miscellaneous copies of miscellaneous records nothing has been produced by Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr.

The Trustee's counsel has acquired copies of some Bank of America general and payroll account statements for limited periods of time, 2017-2022 tax returns, and a financial statement from debtor's counsel and former accountant through direct requests but they are just copies and far from fully responsive to the November 21, 2023 Order. For example, the Trustee has yet to receive any check registers, copies of tenant leases and related rental records, loan documents and documents evidencing the disposition of hundreds of thousands of dollars of loan proceeds and rents received by the debtor. Only document requests 11, 17 and 18 of the November 21, 2023 Order have been satisfied.

## Argument

The Bankruptcy Court may hold persons in contempt pursuant to 11 U.S.C. § 105(a) which states as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

Although Section 105(a) does not expressly grant bankruptcy courts the power to award attorneys' fees, the statute has been interpreted to implicitly allow for this. See *In re Clark*, 223 F.3d 859 (8th Cir. 2000). Bankruptcy courts have held that, together with Fed R. Bankr. 9020, Section 105(a) provides the statutory authority for a bankruptcy court to exercise its civil contempt powers.[1] Upon finding a party in civil contempt, the bankruptcy court may then impose sanctions, which may include the awarding of costs and attorneys' fees to an injured party.

For a finding of contempt, the moving party must demonstrate by clear and convincing evidence that the person violated a definite and specific order of the court

---

[1] Courts have also held that the bankruptcy court possesses an inherent civil contempt power, possessed by all courts. However, following Congress amendment of § 105(a) in 1986, the courts have largely explained their contempt power as deriving from Section 105(a). *In re Lands End Leasing, Inc.*, 220 B.R. 226, 233 (Bankr. D.N.J. 1998); *In re Meyers*, 344 B.R. 61 (Bankr. E.D. Pa. 2006).

- 4 -

requiring the person to perform or refrain from performing a particular act or acts with knowledge of the court's order. *CFE Racing Prods. v. BMF Wheels, Inc.*, 793 F.3d 571, 598 (6th Cir. 2015) (internal citations omitted). In defending a charge of contempt, "good faith" is not a defense as the elements of intent to disobey or contumaciousness are not elements in a civil contempt proceeding. *In re Jacques*, 761 F.2d 302, 306 (6th Cir. 1985); *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1987).

First, the terms of the November 21, 2023 Order were specific and definite and required the respondents to perform particular acts. The November 21, 2023 Order required Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. to produce specific documents by a specific date.

Second, there is no doubt that the respondents had actual knowledge of the November 21, 2023 Order because the Motion and the November 21, 2023 Order were both served on her by first class mail. (Docket #80 & 87)

In this case, respondents' conduct has violated the November 21, 2023 Order. The respondents clearly disobeyed the Order by failing to produce the documentation specified in the order by the November 27, 2023 deadline. As a result, the Trustee's attorney has incurred expenses associated with the respondents' non-compliance. All of the requisite elements for finding of contempt and the impositions of fees and costs are present under the circumstances.

## Conclusion

In conclusion, the Trustee requests that the Court enter an order holding the Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew

Mclemore, Jr. in contempt and requiring the Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. to comply with the November 21, 2023, Order. The Trustee also requests that the Court award the bankruptcy estate $700.00 to compensate Trustee's counsel, assess sanctions of $1,000.00 each, and set forth a procedure for further action if the parties fails to purge their contempt.

                Respectfully Submitted,

                GOLD, LANGE, MAJOROS & SMALARZ, P.C.

Dated: December 7, 2023       /s/ *Elias T. Majoros*
                                       Attorneys for Trustee
                                       24901 Northwestern Highway, Suite 444
                                       Southfield, Michigan 48075
                                       (248) 350-8220
                                       emajoros@glmpc.com
                                       (P41040)

H:\SAG TRUSTEE CASES\Conner Creek Center LLC\Turnover\Motion for Order Holding Contempt.pko.docx

- 6 -

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

CONNER CREEK CENTER, LLC,                    Chapter 7
                                              Case No. 23-48356-TJT
    Debtor.                                   Hon. Thomas J. Tucker
_____/

# CERTIFICATE OF SERVICE

    I hereby certify that on December 7, 2023, I electronically filed the *(1) Motion For Order Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. In Contempt Of Court For Failure To Comply With The November 21, 2023 Order Compelling To Turnover Property Of The Bankruptcy, (2) Proposed Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. In Contempt Of Court For Failure To Comply With The November 21, 2023 Order Compelling To Turnover Property Of The Bankruptcy, (3) Notice of Motion for Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. In Contempt Of Court For Failure To Comply With The November 21, 2023 Order Compelling To Turnover Property Of The Bankruptcy, (4) Brief in Support of Motion for Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. In Contempt Of Court For Failure To Comply With The November 21, 2023 Order Compelling To Turnover Property Of The Bankruptcy, and (5) Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Office of the U.S. Trustee
211 W. Fort Street, Suite 700
Detroit, MI 48226

Scott M. Kwiatkowski, Esq.
Goldstein, Bershad & Fried, P.C.
4000 Town Ctr., Ste. 1200
Southfield, MI 48075

Stuart A. Gold, Esq.
Gold, Lange, Majoros & Smalarz, P.C.
24901 Northwestern Hwy., Ste. 444
Southfield, MI 48075

John J. Stockdale, Esq.
Schafer & Weiner, PLLC
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304-5125

    I also hereby certify that on December 7, 2023, I mailed by First Class Mail with the United States Postal Service *(1) Motion for Order Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. In*

*Contempt Of Court For Failure To Comply With The November 21, 2023 Order Compelling To Turnover Property Of The Bankruptcy, (2) Proposed Order Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. In Contempt Of Court For Failure To Comply With The November 21, 2023 Order Compelling To Turnover Property Of The Bankruptcy, (3) Notice of Motion for Order Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. In Contempt Of Court For Failure To Comply With The November 21, 2023 Order Compelling To Turnover Property Of The Bankruptcy, (4) Brief in Support of Motion for Order Holding Dorothy Mclemore Trust, Raymond Scott Mclemore, Andrew Gene Mclemore, Sr. and Andrew Mclemore, Jr. In Contempt Of Court For Failure To Comply With The November 21, 2023 Order Compelling To Turnover Property Of The Bankruptcy, and (5) Certificate of Service* to the following non-ECF participant:

| | |
|---|---|
| Trustee<br>Dorothy McLemore Trust<br>892 West Boston Blvd.<br>Detroit, MI 48202 | Andrew Gene McLemore, Sr.<br>892 West Boston Blvd., Apt. F<br>Detroit, MI 48202 |
| Raymond Scott McLemore<br>7220 Aaronway Dr.<br>Orchard Lake, MI 48324 | Andrew McLemore, Jr.<br>590 Cambridge Way, Apt. 521<br>Bloomfield Hills, MI 48304 |

GOLD, LANGE, MAJOROS & SMALARZ, P.C.

/s/ *Elias T. Majoros*
Attorneys for Trustee
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075
(248) 350-8220
emajoros@glmpc.com
(P41040)

H:\SAG TRUSTEE CASES\Conner Creek Center LLC\Turnover\Motion for Order Holding Contempt.pko.docx

- 2 -