UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

CONNER CREEK CENTER, LLC,　　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　　　Case No. 23-48356-TJT
　　　Debtor.　　　　　　　　　　　　　　　Hon. Thomas J. Tucker
_____/

STUART A. GOLD, Trustee,

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Adversary Proceeding
　　　　　　　　　　　　　　　　　　　　　　No.
ANDREW GENE McLEMORE, JR., and
DETROIT CASINO GROUP, LLC a/k/a
DCG, LLC,

　　　Defendants.
_____/

# COMPLAINT

Stuart A. Gold, the Chapter 7 Trustee for the bankruptcy estate of Conner Creek Center, LLC, by his attorneys Gold, Lange, Majoros & Smalarz, P.C., for his Complaint states:

## Jurisdiction

1.　　This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 544(b), & 550, Fed. R. Bankr. P. 7001(1) and M.C.L. §§ 566.34(1), 566.35(1), 566.35(2) and 566.37 to avoid and recover voidable transactions.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1). Plaintiff consents to entry of a final order or judgment by this Court.

## Facts

3. On September 22, 2023, Conner Creek Center, LLC filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On October 25, 2023, the case was converted to Chapter 7.

4. Conner Creek Center, LLC (the "Debtor") was a Michigan limited liability company formed in 2017 by its two (2) members, the Dorothy E. McLemore Trust and Andrew Gene McLemore, Sr. The Debtor was engaged in the business of leasing commercial property, specifically a former hospital facility located at 4777 East Outer Drive, Detroit, Michigan 48234.

5. Plaintiff Stuart A. Gold is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

6. Andrew Gene McLemore, Jr. ("Defendant") is an individual who resides at 590 Cambridge Way, Unit 521, Bloomfield Hills, Michigan 48304.

7. Defendant Detroit Casino Group, LLC a/k/a DCG, LLC ("DCG") is a Michigan limited liability company with its office and resident agent located at 590

2

Cambridge Way Unit 521, Bloomfield Hills, Michigan 48304. Upon information and belief, Defendant is the managing member of DCG.

8. Andrew Gene McLemore, Sr. ("Andrew McLemore, Sr."), the Defendant's father, was the managing member of the Debtor at all times relevant to the complaint. The Debtor's financial affairs were controlled by Andrew McLemore, Sr. Accordingly, Defendant and DCG were both insiders of the Debtor within the meaning of M.C.L. 566.31(ii)(F).

9. The Debtor made twelve (12) payments totaling $45,280.00 out of the Debtor's Bank of America account xxxx6246 to Defendant during the period December 31, 2021 through June 30, 2023 as follows:

| Date | Method | Amount |
|---|---|---|
| December 31, 2021 | Check #3044 | $2,000.00 |
| January 12, 2022 | Check #3047 | $2,000.00 |
| February 8, 2022 | Check #3066 | $10,000.00 |
| February 25, 2022 | Check #3070 | $1,000.00 |
| March 23, 2022 | Check #3081 | $3,500.00 |
| March 30, 2022 | Check #3086 | $1,500.00 |
| May 25, 2022 | Check #3117 | $6,600.00 |
| November 15, 2022 | Check #3151 | $5,000.00 |
| December 27, 2022 | Check #3156 | $4,000.00 |
| January 19, 2023 | Check #3162 | $3,000.00 |
| April 14, 2023 | Check #3175 | $4,000.00 |
| June 30, 2023 | Check #3188 | $2,680.00 |
| | Total | $45,280.00 |

("the Transfers")

10. The Debtor made twenty (20) payments totaling $65,000.00 out of the Debtor's Bank of America account xxxx6246 to DCG during the period February 3, 2021 through May 8, 2023 as follows:

| Date | Method | Amount |
|---|---|---|
| February 3, 2021 | Check #2938 | $3,500.00 |
| March 8, 2021 | Check #2943 | $4,000.00 |
| May 5, 2021 | Check #2951 | $3,000.00 |
| June 4, 2021 | Check #2964 | $2,000.00 |
| July 7, 2021 | Check #2978 | $2,500.00 |
| August 5, 2021 | Check #2989 | $2,500.00 |
| September 1, 2021 | Check #2996 | $3,000.00 |
| September 15, 2021 | Check #3005 | $2,000.00 |
| September 30, 2021 | Check #3014 | $5,000.00 |
| November 24, 2021 | Check #3029 | $4,000.00 |
| December 17, 2021 | Check #3040 | $5,000.00 |
| December 31, 2024 | Check #3043 | $2,000.00 |
| January 12, 2022 | Check #3048 | $3,000.00 |
| February 4, 2022 | Check #3063 | $4,000.00 |
| April 29, 2022 | Check #3103 | $5,000.00 |
| July 29, 2022 | Check #3129 | $4,000.00 |
| September 6, 2022 | Check #3139 | $5,000.00 |
| December 27, 2022 | Check #3157 | $1,000.00 |
| January 19, 2023 | Check #3163 | $2,000.00 |
| May 8, 2023 | Check #3179 | $2,500.00 |
| | Total | $65,000.00 |

("the DCG Transfers").

11. The Transfers and DCG Transfers were not made on account of any contract or invoice between the Debtor and the Defendants.

4

12. The Debtor did not receive any goods, services, or other value provided by the defendants to the Debtor.

13. The Transfers and DCG Transfers were not booked as or considered a loan by the Debtor to either defendant.

14. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

15. The Debtor received less than reasonably equivalent value in exchange for the DCG Transfers.

16. At the time of the Transfers and DCG Transfers the Debtor was unable to pay its debts as they came due. For example, at the time of the Transfers and DCG Transfers, the Debtor was liable for unpaid loans, unpaid water and sewer charges, unpaid gas and electric bills, credit card debt, and vendor payables.

17. As a result of the Transfers and DCG Transfers, the value of all of the Debtor's remaining assets at fair value was less than all of its liabilities.

18. The Debtor was insolvent on the date of the Transfers and DCG Transfers or became insolvent as a result of the Transfers and DCG Transfers within the meaning of M.C.L. §§ 566.32(1) & (2).

19. The Debtor's schedules E/F filed with the Bankruptcy Court in this case reflect that the Debtor has twenty-one (21) creditors asserting general unsecured claims totaling $1,512,044.00.

20. To date, fifteen (15) creditors have filed proofs of claim against the bankruptcy estate asserting claims totaling $3,518,618.03. Substantially all of the claimants had open revolving accounts and/or held their claims against the Debtor at the time of the Transfers and DCG Transfers and those claims remain unpaid as of the bankruptcy petition date.

## COUNT I

### Voidable Transactions – Defendant Andrew G. McLemore, Jr.

21. Plaintiff restates the allegations contained in paragraphs 1 through 20 and incorporates them herein by reference.

22. The Transfers were made for no consideration.

23. At the time of the Transfers the Debtor was insolvent.

24. The Debtor did not disclose the Transfers on its bankruptcy papers filed with the Bankruptcy Court.

25. The Debtor concealed evidence of the Transfers in its own books and records.

26. The Transfers consisted of substantially all of the Debtor's cash.

27. The Transfers were made for the benefit of Defendant, a relative of an insider of the Debtor.

28. The Transfers were made with the actual intent to defraud Debtor's creditors. 11 U.S.C. § 544(b) & M.C.L. § 566.34(1)(a).

29. The Debtor received less than a reasonably equivalent value in exchange for the Transfers and (1) was insolvent on the date of the Transfers, or became insolvent as a result of the Transfers; (2) was engaged in a commercial real estate leasing business for which any property remaining with the Debtor was an unreasonably small capital; or (3) intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as its debts matured. 11 U.S.C. § 544(b) and M.C.L. §§ 566.34(1)(b), 566.35(1) and 566.37.

30. The Defendant is the initial transferee of the Transfers within the meaning of 11 U.S.C. §550(a) because the Transfers were made to directly from the Debtor to the Defendant.

31. The Transfers are avoidable and recoverable from Defendant by Plaintiff as voidable transactions pursuant to 11 U.S.C. §§ 544(b) & 550(a) and Sections 566.34(1)(b), 566.35(1) and 566.37 of the Michigan Uniform Voidable Transactions Act.

WHEREFORE, the Plaintiff requests that this Court enter a judgment avoiding the Transfers and enter a money judgment for $45,280.00 in Plaintiff's favor and against Defendant Andrew G. McLemore, Jr. plus pre-judgment and post-judgment interest under 28 U.S.C. § 1961(a).

## COUNT II

### Voidable Transactions – Defendant DCG

32. Plaintiff restates the allegations contained in paragraphs 1 through 31 and incorporates them herein by reference.

33. The DCG Transfers were made for no consideration.

34. At the time of the DCG Transfers the Debtor was insolvent.

35. The Debtor did not disclose the DCG Transfers on its bankruptcy papers filed with the Bankruptcy Court.

36. The Debtor concealed evidence of the DCG Transfers in its own books and records.

37. The DCG Transfers consisted of substantially all of the Debtor's cash.

38. The DCG Transfers were made for the benefit of DCG, an entity owned and controlled by a relative of an insider of the Debtor.

39. The DCG Transfers were made with the actual intent to defraud Debtor's creditors. 11 U.S.C. § 544(b) & M.C.L. § 566.34(1)(a).

40. The Debtor received less than a reasonably equivalent value in exchange for the DCG Transfers and (1) was insolvent on the date of the DCG Transfers, or became insolvent as a result of the DCG Transfers; (2) was engaged in a commercial real estate leasing business for which any property remaining with the Debtor was an unreasonably small capital; or (3) intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond the Debtor's ability to pay as its debts matured. 11 U.S.C. § 544(b) and M.C.L. §§ 566.34(1)(b), 566.35(1) and 566.37.

41. DCG is the initial transferee of the DCG Transfers within the meaning of 11 U.S.C. §550(a) because the DCG Transfers were made to directly from the Debtor to DCG.

42. The DCG Transfers are avoidable and recoverable from DCG by Plaintiff as voidable transactions pursuant to 11 U.S.C. §§ 544(b) & 550(a) and Sections 566.34(1)(b), 566.35(1) and 566.37 of the Michigan Uniform Voidable Transactions Act.

WHEREFORE, the Plaintiff requests that this Court enter a judgment avoiding the Transfers and enter a money judgment for $65,000.00 in Plaintiff's favor and against Defendant Detroit Casino Group, LLC a/k/a DCG, LLC plus pre-judgment and post-judgment interest under 28 U.S.C. § 1961(a).

## Count III

## Transfer by Debtor as Fraud – Defendant Andrew G. McLemore, Jr.

43. Plaintiff restates the allegations contained in paragraphs 1 through 42 and incorporates them herein by reference.

44. In the event the Court finds the Transfers to Defendant were made for reasonably equivalent value in the form of antecedent debt, then Plaintiff asserts the portion of the Transfers that were made within 1 year of the bankruptcy filing are avoidable under M.C.L. § 566.35(2).

45. The portion of the Transfers made by the Debtor to Defendant during the period November 15, 2022 through June 30, 2023, in the amount of $18,680.00, were fraudulent as to creditors that existed before the Transfers because those Transfers were made to an insider, for antecedent debts, the Debtor was insolvent at the time of the Transfers, and Defendant had reasonable cause to believe that the Debtor was insolvent. 11 U.S.C. § 544(b) & M.C.L. § 566.35(2).

46. The Transfers made by the Debtor to Defendant during the period November 15, 2022 through June 30, 2023, in the amount of $18,680.00 were made for the benefit of Defendant and may be avoided, with the value of the Transfers recovered for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 550(a).

WHEREFORE, Plaintiff requests entry of a money judgment against defendant Andrew G. McLemore, Jr. in the amount of $18,680.00, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

Respectfully Submitted,

GOLD, LANGE, MAJOROS & SMALARZ, P.C.

Dated: September 18, 2024    /s/ Elias T. Majoros
Elias T. Majoros
Attorneys for Trustee
24901 Northwestern Highway, Ste. 444
Southfield, MI 48075
(248) 350-8220
emajoros@glmpc.com
(P41040)

H:\SAG TRUSTEE CASES\Conner Creek Center LLC\Gold v. Andrew McLemore, Jr\Complaint.pko.docx